IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CATHERINE PAPAGOLOS                                                          PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:11-CV-00158-GHD-SAA

LAFAYETTE COUNTY SCHOOL DISTRICT;
MICHAEL McPHAIL, Board Member in His
Official and Individual Capacities; and
JEFF NELSON, Athletic Director, in His
Official and Individual Capacities                                           DEFENDANTS

## MEMORANDUM OPINION GRANTING
## DEFENDANTS' MOTION FOR RECONSIDERATION

Presently before the Court is Defendants' motion for reconsideration [42], wherein Defendants raise a new issue of law bearing on this Court's memorandum opinion [35] and Order [34] ruling on Defendants' motion to dismiss [9]. For the following reasons, the Court finds Defendants' motion for reconsideration [42] is well taken and should be granted.

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because the motion before this Court was filed within twenty-eight days of the Court's order, the Court will treat the motion as a Rule 59(e) motion to alter or amend judgment. A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

In the earlier memorandum opinion [35] and Order [34], the Court sustained the malicious interference with employment claim as it was asserted in Plaintiff's complaint—against all

1

Defendants. However, in their motion for reconsideration, Defendants contend that the malicious interference with employment claim can only be brought against the individual Defendants, Michael McPhail and Jeff Nelson (the "Individual Defendants"), not against Defendant Lafayette County School District. Plaintiff has filed a response wherein she contends that the malicious interference claim is properly brought against all Defendants. The Court notes that this issue was not raised in the papers associated with the motion to dismiss. Upon due consideration of this newly raised issue, the Court finds that the malicious interference claim is only properly asserted against the Individual Defendants and not Defendant Lafayette County School District.

Defendant Lafayette County School District is a governmental entity and a political subdivision pursuant to the Mississippi Tort Claims Act (the "MTCA"). *See* MISS. CODE ANN. § 11–46–1(g) & (i); *Covington Cnty. Sch. Dist. v. Magee*, 29 So. 3d 1, 4 (¶ 7) (Miss. 2010). As such, Defendant Lafayette County School District is not liable and is immune from suit "on account of any wrongful or tortious act" or any wrongful or tortious act by its employee. *See* MISS. CODE ANN. § 11–46–3(1). Although this immunity is waived on "claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment," MISS. CODE ANN. § 11–46–5(1), the law is clear that a governmental entity's immunity is not waived for conduct constituting "fraud, malice, libel, slander, defamation[,] or any criminal offense other than traffic violations," MISS. CODE ANN. § 11–46–5(2) (emphasis added).

Malicious interference with employment has been recognized as a tort in Mississippi. *See Nichols v. Tri–State Brick and Tile Co.*, 608 So.2 d 324, 328 (Miss. 1992); *Bailey v. Richards*, 111 So.2d 402, 407 (Miss. 1959). However, it is a tort of which malice is an essential element; therefore, Plaintiff's malicious interference with employment claim falls outside the purview of the

MTCA and can only be brought against the Individual Defendants, not Defendant Lafayette County School District. *See King v. Bd. of Trustees of State Insts. of Higher Learning of Miss.*, No. 3:11–CV–403–CWR–FKB, 2012 WL 2870789, *4 (S.D. Miss. July 12, 2012); *Stephen v. Winston County, Miss.*, No. 1:07CV118-SA-JAD, 2008 WL 4813829, *10 (N.D. Miss. Nov. 4, 2008); *Gibson v. Estes*, No. 2:05CV 170, 2007 WL 1459307, *1 (N.D. Miss. May 16, 2007); *Zumwalt v. Jones Cnty. Bd. of Supervisors*, 19 So. 3d 672, 688 (¶ 84) (Miss. 2009). Thus, Defendant Lafayette County School District is immune from suit on the malicious interference with employment claim.

Accordingly, the Court amends its memorandum opinion [35] and Order [34] ruling on the motion to dismiss as follows: Plaintiff's malicious interference with employment claim against Defendant Lafayette County School District is dismissed with prejudice, as the same fails as a matter of law.

Plaintiff's malicious interference claim against the Individual Defendants, Michael McPhail and Jeff Nelson, remains viable.

A separate order in accordance with this opinion shall issue this day.

THIS, the 13th day of November, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE

3